```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
DONNIE POWELL,                                        :
                                                      :
                        Plaintiff,                    :
                                                      :
        -against-                                     :
                                                      :       MEMORANDUM & ORDER
JAIME PEREZ, MIVILA CORPORATION d/b/a                 :       18-cv-05890 (DLI) (RER)
MIVILA FOODS, ATLANTIC PACIFIC                        :
DEVELOPMENT PARTNERS, LLP, NOBLE                      :
CONSTRUCTION GROUP, LLC, and                          :
QUEENS COUNTY CARTING, INC.,                          :
                                                      :
                        Defendants.                   :
----------------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

Before the Court is Plaintiff Donnie Powell's ("Plaintiff") motion to remand this action to the Supreme Court of the State of New York, Kings County (the "Remand Motion"). *See*, Remand Mot., Dkt. Entry No. 24. For the reasons set forth below, the Remand Motion is denied with leave to renew.

**I.    Background**

On October 23, 2017, Plaintiff, a citizen of New York, filed a complaint in the Supreme Court of the State of New York, Kings County, against Defendants Jaime Perez and Mivila Corp. (the "Removing Defendants"), alleging that he was injured in a motor vehicle accident as a result of their negligence. *See*, Dkt. Entry No. 1 Ex. A. On October 15, 2018, Plaintiff provided to the Removing Defendants a supplemental demand for damages in the amount of $10 million dollars. *See*, Dkt. Entry No. 1 Ex. E. On October 22, 2018, the Removing Defendants timely removed the action to this Court on the basis of diversity jurisdiction. *See*, Dkt. Entry No. 1.

On August 12, 2019, Plaintiff filed an Amended Complaint, adding Defendants Atlantic Pacific Development Partners, LLP ("Atlantic"), Noble Construction Group, LLC ("Noble"), and Queens County Carting, Inc. ("QCC") (collectively, the "New Defendants").  *See*, Am. Compl., Dkt. Entry No. 15.  On December 13, 2019, Atlantic and Noble filed an answer to the Amended Complaint.  *See*, Dkt. Entry No. 22.  On January 24, 2020, Plaintiff filed the instant motion to remand this action to state court for lack of diversity jurisdiction.  *See*, Remand Mot.

On March 5, 2020, the Court entered an order noting that, more than 41 days after Plaintiff filed the Remand Motion, Defendants had failed to respond to the Motion, and directing Defendants to respond to the Motion no later than March 20.  The Court further directed that, for any Defendant that is a limited liability corporation, the response must state the citizenship of its members.  Finally, the Court directed Plaintiff to serve a copy of the March 5 Order on QCC, which neither has appeared nor answered, and Plaintiff timely complied.  *See*, Dkt. Entry No. 25.

On March 20, 2020, the Removing Defendants requested an extension of time to respond to the Court's March 5 Order, citing the coronavirus/COVID-19 pandemic.  Dkt. Entry No. 26.  The New Defendants failed to comply with the March 5 Order, request an extension of time, or provide any explanation for their failure to comply.  Nevertheless, on March 23, the Court entered an order stating that, in light of the current emergency situation created by the COVID-19 pandemic, the deadline for all Defendants to comply with the March 5 Order was extended to April 6, 2020, and Plaintiff's reply was due by April 20, 2020.  The March 23 Order further stated, "Failure to comply with the Court's orders may result in the imposition of sanctions."  The Court directed Plaintiff to serve a copy of the March 23 Order on QCC, and Plaintiff timely complied.  *See*, Dkt. Entry No. 27.

On April 6, 2020, the Removing Defendants responded to the Remand Motion by simply setting forth the citizenship of Mivila Corporation. *See*, Orig. Defs.' Resp., Dkt. Entry No. 28. The Removing Defendants' response did not set forth the citizenship of Defendant Perez, who is a citizen of New Jersey. *See*, Am. Compl. ¶ 6. On August 21, 2020, Atlantic and Noble untimely filed a joint letter stating that they do not oppose the Remand Motion. Ltr., Dkt. Entry No. 33. Despite the Court's express direction, the letter failed to state the citizenship of Atlantic or Noble, each of which is a limited liability corporation. *See*, *Id.* QCC entirely failed to comply with the briefing schedule set by the Court, request an extension of time, or provide any explanation for its failure to comply.

## II.      Legal Standard

"It is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). District courts have original diversity jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. *See*, 28 U.S.C. § 1332(a). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court" within which the state action is pending. 28 U.S.C. § 1441(a). Where a party challenges the removal of an action from state court to federal court, the defendant or defendants who sought removal bear the burden of establishing that removal was proper. *See*, *Cal. Pub. Emps.' Ret. Sys. v. WorldCom Inc.*, 368 F.3d 86, 100 (2d Cir. 2004).

"A plaintiff may not defeat federal court diversity jurisdiction by improperly joining as a defendant a non-diverse party with no real connection to the controversy." *Bounds v. Pine Belt*

*Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010).  For such circumstances, Congress has provided that, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447.  Pursuant to Federal Rule of Civil Procedure 21, "[a] court may drop a nondiverse party to preserve diversity jurisdiction, as long as that party is not "indispensable" under Rule 19(b) and would not cause prejudice to any of the remaining parties."  *Synergy Advanced Pharm., Inc. v. CapeBio, LLC*, 797 F. Supp.2d 276, 282 (S.D.N.Y. 2011) (citations omitted).

**III.    Analysis**

Put simply, the basis of the one-paragraph Remand Motion is that the addition of Defendant Noble in the Amended Complaint destroyed the diversity of the parties.  *See*, Remand Mot. ("[Noble] . . . admitted that they are a domestic limited liability company.  Therefore, it is respectfully submitted that there is no longer diversity of citizenship in this matter.").  The Remand Motion represents that the Removing Defendants "agree[]" with Plaintiff's submission.  *Id.*  The Removing Defendants thereafter filed a response to the Remand Motion that states simply, "Mivila Corporation is a foreign business corporation incorporated in the State of New Jersey and authorized to do business in the State of New York."  *See*, Orig. Defs.' Resp.  Nearly six months after the Remand Motion was filed, Atlantic and Noble filed a letter stating that they do not oppose the Motion.  *See*, Ltr. Dkt. Entry No. 33.  Accordingly, the Court deems the Remand Motion unopposed.

Plaintiff is a citizen of New York.  Am. Compl. ¶ 3.  The Original Defendants are citizens of New Jersey.  *See*, Am. Compl. ¶ 6 (Perez); Orig. Defs.' Resp. (Mivila Corp.).  Thus, prior to

4

the addition of the New Defendants through the filing of the Amended Complaint, there was complete diversity of citizenship among the parties.

The citizenships of the New Defendants, which were added after removal of this action to this Court, are unalleged and unknown: QCC's citizenship is unalleged and unknown. *See generally*, Am. Compl. Noble is a domestic limited liability company, and the citizenship of its members is unknown. *See*, Am. Compl. ¶ 46; Answer, Dkt. Entry No. 22 ¶ 46. Atlantic is a foreign limited liability company, and the citizenship of its members is unknown. *See*, Answer ¶ 30.

A limited liability company takes the citizenship of each of its members. *See*, *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). The Court has ordered Defendants twice to respond to the Remand Motion and admonished specifically that, "For any Defendant that is a limited liability company, the response must state the citizenship of each of its members." The New Defendants have failed to comply with the Court's orders, thus preventing the Court from determining whether there exists diversity of citizenship among the parties.

While the Remand Motion is unopposed, the Court nonetheless must examine whether: (1) the New Defendants were added improperly for the purpose of destroying diversity; (2) any of the New Defendants are dispensable and could be dropped to preserve diversity; and (3) any party would be prejudiced by dropping dispensable parties. *See*, *SCS Commc'ns, Inc. v. Herrick Co.*, 360 F.3d 329, 335-36 (2d Cir. 2004) (citation omitted); *See also*, *McIntyre v. Codman & Shurtleff, Inc.*, 103 F.R.D. 619, 621-22 (S.D.N.Y. 1984) ("[A] trial court should look with particular care at the [plaintiff's] motive [for amendment] in removal cases, when the presence of a new defendant

will defeat the court's diversity jurisdiction and will require a remand to the state court." (quoting *Desert Empire Bank v. Insurance Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980)).

Accordingly, the Remand Motion is denied with leave to renew in a manner that complies with Plaintiff's obligations under the relevant rules and authorities, including stating Plaintiff's purposes for adding the New Defendants and whether they are indispensable, and alleging the citizenship of QCC. Defendants must then respond to Plaintiff's renewed motion, addressing the relevant issues and stating the citizenship of each Defendant. For any Defendant that is a limited liability company, the response must state the citizenship of each of its members. If Defendants fail to comply timely and properly with the Court's Order, they will be held in contempt and sanctioned in the amount of $100 per day of noncompliance. Non-responsive submissions that fail to comply with this Memorandum and Order shall be stricken and sanctions will be imposed.

## IV. Conclusion

For the reasons set forth above, Plaintiff's motion to remand to state court is denied with leave to renew no later than October 21, 2020. Defendants are directed to respond to Plaintiff's renewed motion no later than November 11, 2020. For any Defendant that is a limited liability company, the response must state the citizenship of each of its members. Failure to comply with the Court's Order will result in a finding of contempt and imposition of a sanction in the amount of $100 per day. Non-responsive submissions that fail to comply with this Memorandum and Order shall be stricken and sanctions will be imposed.

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2020

/s/
DORA L. IRIZARRY
United States District Judge