```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DONNIE POWELL,                                   :
                                                 :
                        Plaintiff,               :
                                                 :
            -against-                            :
                                                 :    MEMORANDUM & ORDER
JAIME PEREZ, MIVILA CORPORATION d/b/a            :    18-cv-05890 (DLI)(RER)
MIVILA FOODS, ATLANTIC PACIFIC                   :
DEVELOPMENT PARTNERS, LLP, NOBLE                 :
CONSTRUCTION GROUP, LLC, and                     :
QUEENS COUNTY CARTING, INC.,                     :
                                                 :
                        Defendants.              :
-----------------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

On October 2, 2020, Plaintiff Donnie Powell ("Plaintiff") filed his renewed motion to remand this action to the New York State Supreme Court, Kings County. *See*, *generally*, Second Mot. to Remand to State Court ("Second Remand Motion"), Dkt. Entry No. 35. For the reasons set forth below, the Second Remand Motion is granted.

## BACKGROUND

The Court presumes familiarity with the facts and procedural history of this case and, as such, the background here is limited to the facts necessary to resolve the instant motion. On September 30, 2020, Plaintiff's motion to remand this action to the New York State Supreme Court, Kings County ("Initial Remand Motion") was denied with leave to renew. *See*, Memorandum & Order ("M & O") dated September 30, 2020, Dkt. Entry No. 34; *See also*, Initial Remand Motion, Dkt. Entry No. 24. On October 2, 2020, Plaintiff filed a renewed motion to remand this action. *See*, *generally*, Second Remand Motion. Defendants Jaime Perez and Mivila Corporation (together, "Mivila Defendants") and Defendants Atlantic Pacific Development

Partners, LLP ("Atlantic") and Noble Construction Group, LLC ("Noble") did not oppose the motion. *See*, Atlantic's and Noble's Resp. to Second Mot. to Remand ("Atlantic Resp."), Dkt. Entry No. 36; Mivila Defs.' Resp. to Second Mot. to Remand ("Mivila Resp."), Dkt. Entry No. 37. Defendant Queens County Carting, Inc. ("QCC") never has appeared in this case and did not file a response. As such, the Court deems the Second Remand Motion unopposed.

The Initial Remand Motion was denied based on Plaintiff's failure to state whether Atlantic, Noble, and QCC (collectively, "New Defendants") are indispensable to this action and Defendants' failure to state their citizenships for the purposes of determining diversity jurisdiction. *See*, M & O at 4-6. The Court specifically reminded the parties that any Defendant that is a limited liability company ("LLC") must state the citizenship of each of its members in accordance with *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). *Id.* at 5.

Plaintiff is a citizen of New York. *See*, M & O at 1; *See also*, Verified Complaint, Ex. A to Not. of Removal, Dkt. Entry No.1-1, at ¶ 2. Mivila Corporation is a New Jersey corporation and not an LLC. *See*, Mivila Resp.; *See also*, Mivila Defs.' Resp. to Initial Remand Motion, Dkt. Entry No. 28. Atlantic, an LLC, has 27 members with the following citizenship: New York – 17, Michigan – 1, New Jersey – 1, Washington D.C. – 1, and Europe – 1. Noble, also an LLC, has three members with the following citizenship: New Jersey – 2 and New York – 1. *See*, Atlantic Resp. QCC never provided its citizenship information. According to the New York State Department of State, Division of Corporations database, QCC is a "domestic business corporation" based in New York. *See*, Ex. 1 to Second Remand Motion, Dkt. Entry No. 35-1. It is not clear whether QCC is an LLC and, if so, what the citizenship of each of its members is.

2

Plaintiff decided to include New Defendants in this action because they "all contributed to the happening of the accident" that occurred on February 17, 2017 in the premises located at 465 Pacific Street, Brooklyn (the "Premises"). *See*, Dkt. Entry No. 1, Ex. A, at ¶¶ 26-27; *See also*, Second Remand Motion at ¶ 1. Plaintiff claims that he was forced to park his delivery truck alongside a curb at the Premises where a dumpster owned by QCC blocked the front of Plaintiff's truck. *See*, Second Remand Motion at ¶ 5. Plaintiff could not exit through the right side of the truck because the door was blocked by a tree and could not step down directly to the street from the driver side door due to "plastic work zone barricades" underneath the door. *Id.* Plaintiff alleges that when he was standing on the barricades and preparing to step down to the street, he was struck by a truck owned and operated by Mivila Defendants. *Id.*

Plaintiff alleges that the construction site at the Premises at the time of the alleged incident belonged to Atlantic, and Noble was the general contractor of the work site. *Id.* at ¶¶ 1-2. Plaintiff claims that New Defendants, along with Mivila Defendants, were "jointly and/or severally" liable for the alleged accident. *Id.* at ¶ 6. As such, Plaintiff contends that New Defendants cannot "be dropped to preserve diversity." *Id.* at ¶ 7.

## LEGAL STANDARD

"It is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). District courts have original diversity jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. *See*, 28 U.S.C. § 1332(a). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court" within which

the state action is pending. 28 U.S.C. § 1441(a). Where a party challenges the removal of an action from state court to federal court, the defendant or defendants who sought removal bear the burden of establishing that removal was proper. *See*, *Cal. Pub. Emps.' Ret. Sys. v. WorldCom Inc.*, 368 F.3d 86, 100 (2d Cir. 2004).

"A plaintiff may not defeat federal court diversity jurisdiction by improperly joining as a defendant a non-diverse party with no real connection to the controversy." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010). For such circumstances, Congress has provided that, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447. Pursuant to Federal Rule of Civil Procedure 21, "[a] court may drop a nondiverse party to preserve diversity jurisdiction, as long as that party is not "indispensable" under Rule 19(b) and would not cause prejudice to any of the remaining parties." *Synergy Advanced Pharm., Inc. v. CapeBio, LLC*, 797 F. Supp.2d 276, 282 (S.D.N.Y. 2011) (citations omitted).

## DISCUSSION

"Diversity jurisdiction requires that all of the adverse parties in a suit . . . be completely diverse with regard to citizenship." *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000) (internal quotation marks and citations omitted). Plaintiff is a citizen of New York, whereas Mivila Corporation is a New Jersey corporation. *See*, Am. Compl. at ¶ 3; Mivila Resp. Although Mivila Defendants have failed to state Defendant Perez's citizenship, he is presumably a citizen of New Jersey. *See*, M & O at 3; Mivila Resp.; *See also*, Verified Complaint at ¶ 2. QCC is presumably a New York corporation, but it never has appeared nor stated its citizenship in this action. *See*, Ex. 1 to Second Remand Motion; M & O at 3. Atlantic and Noble,

4

both LLCs, are deemed citizens of New York for diversity purposes because each has members whose citizenship is New York. *See*, *Bayerische*, 692 F.3d at 49. Thus, with the inclusion of New Defendants, this case no longer has complete diversity.

Nevertheless, even with the lack of complete diversity and the Second Remand Motion unopposed, the Court must examine whether: (1) New Defendants were added improperly for the purpose of destroying diversity; (2) New Defendants are dispensable and could be dropped to preserve diversity; and (3) any party would be prejudiced by dropping dispensable parties. *See*, *SCS Commc'ns, Inc. v. Herrick Co.*, 360 F.3d 329, 335-36 (2d Cir. 2004) (citation omitted); *See also*, *McIntyre v. Codman & Shurtleff, Inc.*, 103 F.R.D. 619, 621-22 (S.D.N.Y. 1984) ("[A] trial court should look with particular care at the [plaintiff's] motive [for amendment] in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." (quoting *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980)).

The Court finds that Plaintiff did not include New Defendants in this action for the purposes of destroying diversity. The Court also finds that New Defendants are indispensable under Rule 19(b) and dropping any of them from the instant action would prejudice the parties. New Defendants allegedly contributed to the incident by creating a circumstance that forced Plaintiff to exit through the driver side door, which resulted in him getting struck by a Mivila Corporation truck. *See*, Second Remand Motion at ¶ 5. As such, it is possible for fact finders to conclude that New Defendants, along with Mivila Defendants, share the liability for the injuries that Plaintiff sustained at the Premises. Therefore, dropping one of the potential liable parties from the action may affect Plaintiff and other Defendants adversely.

5

Accordingly, having found that there is no longer complete diversity and Plaintiff did not add New Defendants with the intent to destroy diversity, the Second Remand Motion is granted. As the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332, the remand to state court is proper.

## **CONCLUSION**

For the reasons set forth above, this case is remanded to New York State Supreme Court, Kings County, under Index No. 520477/2017, for further proceedings.

SO ORDERED.

Dated: Brooklyn, New York
       June 10, 2021

                                                      /s/
                                          DORA L. IRIZARRY
                                       United States District Judge